Robert Amador, Esq. (State Bar #269168)
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA 93004
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com

Attorney for Plaintiff
SEAN WILCZAK

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN WILCZAK,<br><br>          Plaintiff,<br><br>v.<br><br>CMRE FINANCIAL SERVICES, INC.; and<br>DOE 1-5<br><br>          Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**1.) FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1692 et seq.)**<br><br>**2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS (Cal. Civ. Code § 1788 et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.  This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

**PARTIES**

3. Plaintiff, SEAN WILCZAK (hereinafter "Plaintiff" or "Mr. Wilczak"), is a natural person residing in Santa Barbara, California.  Defendant CMRE FINANCIAL SERVICES, INC. is a California corporation believed to maintain its principle place of business at 3075 E. Imperial Hwy. #200 in Brea, CA.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. CMRE FINANCIAL SERVICES, INC. and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

2

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a and Cal. Civ. Code § 1788.1(c).

## FACTUAL ALLEGATIONS

7. On or about June 27, 2019, Defendants began an attempt to collect a consumer debt Mr. Wilczak allegedly owed.

8. On July 9, 2020, Mr. Wilczak called Defendants and spoke with a collector later identified as Juana Blake. Without identifying herself or disclosing that CMRE is a debt collector, Ms. Blake asked if Mr. Wilczak had an account number to reference. Once the account was found, Ms. Blake claimed that Mr. Wilczak owed $45.91 on a medical bill. Mr. Wilczak informed her that his insurance company was responsible for the balance. Mr. Wilczak added that he would like to dispute the debt and "put in a cease and desist". Ms. Blake responded: "Even if you put in a dispute, that is not going to stop us from collecting the debt." Mr. Wilczak stated that he does not think that is how it works and that CMRE needs to provide him "documentation proving that this is my debt." Ms. Blake argued the matter, stating: "You can believe whatever you want to believe, we're still going to collect this debt." Mr. Wilczak then asked to speak to a supervisor. Ms. Blake put him on hold and then disconnected the call. Mr. Wilczak called back, asked for a supervisor, and ultimately identified Juana Blake

as the person he had initially spoke with.

9. During the course of Mr. Wilczak's July 9, 2020 telephone call with Juana Blake, Ms. Blake failed to inform Mr. Wilczak that Defendants are debt collectors and that any information obtained could be used for the purpose of debt collection.

10. Mr. Wilczak was harassed and concerned by Defendants' debt collection activities, particularly his communication with Defendants in which Defendants failed to identify themselves as debt collectors and denied that they would have to provide verification of the alleged debt prior to continuing in their collection efforts.  As a result, Mr. Wilczak retained counsel with Centennial Law Offices.

11. As a direct result of the collection activity herein alleged, legal fees in the amount of $1,955.00 have been incurred.

## CAUSES OF ACTION

### COUNT I

12. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e(11) by engaging in a communication with Plaintiff in

which Defendants failed to disclose that the communication was with a debt collector.

## COUNT III

13.   Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e by misrepresenting that Defendants could and would continue with their debt collection activity without providing verification of the alleged debt even if Plaintiff disputed the alleged debt, which may necessarily include a written dispute.

## COUNT IV

14.   Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.17 by engaging in conduct prohibited by 15 U.S.C. 1692e by engaging in false, deceptive, or misleading representations in connection with the collection of a debt, including failing to disclose that a communication was with a debt collector, and that Defendants could and would continue with their

debt collection activity without providing verification of the alleged debt even if Plaintiff disputed the alleged debt.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

    1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

    2.) For statutory damages in the amount of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);

    3.) For $1,955.00 for legal costs incurred in responding to unlawful collection activity;

    4.) For prejudgment interest in an amount to be proved at time of trial;

    5.) For attorney's fees pursuant to 15 U.S.C. 1692(k) and Cal. Civ. Code § 1788.30(c);

    6.) For the costs of this lawsuit; and

    7.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date: June 22, 2020  s/Robert Amador
ROBERT AMADOR, ESQ.
Attorney for Plaintiff Sean Wilczak